# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 47507

| | | |
|---|---|---|
| In the Interest of Jane Doe I, A Child Under Eighteen (18) Years of Age. | ) ) | |
| STATE OF IDAHO, DEPARTMENT OF HEALTH AND WELFARE, | ) ) ) | Filed: February 19, 2020 |
| Petitioner-Respondent, | ) ) ) | Karel A. Lehrman, Clerk |
| v. | ) ) ) | THIS IS AN UNPUBLISHED OPINION AND SHALL NOT |
| JOHN DOE (2019-34), | ) ) | BE CITED AS AUTHORITY |
| Respondent-Appellant. | ) ) ) | |

Appeal from the Magistrate Division of the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. Thomas D. Kershaw, Jr., Magistrate.

Judgment of termination of parental rights, <u>affirmed</u>.

Marilyn Paul, Twin Falls County Public Defender; Laura Z. O'Connell, Deputy Public Defender, Twin Falls, for appellant.

Hon. Lawrence G. Wasden, Attorney General; James T. Baird, Deputy Attorney General, Twin Falls, for respondent.

_____

GRATTON, Judge

John Doe (Father) appeals from the judgment terminating his parental rights. For the reasons set forth below, we affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Father had a relationship with mother, who has five children with four different fathers. While incarcerated she lost custody to three and her parental rights were terminated for the remaining two. The youngest, D.H., is the subject of this appeal and the only biological child of Father. In 2018, the Department of Health and Welfare (Department) received a report that mother and Father were using illegal drugs. As a caseworker arrived to investigate, both were in

1

the process of being arrested for felony drug possession and taken into custody. D.H. was four months old.

The Department was familiar with the family; another child, B.D., had been placed in foster care as a result of drug-related activity in 2015. Both children were taken into custody and placed with the same foster family that had taken B.D. previously. Father was sentenced to a term of imprisonment which would allow him to be released at the earliest in 2021 and at the latest in 2025. The foster family allows liberal contact between the children and their biological family, though they want to adopt them and have been approved as an adoptive placement by the Department.

A case plan hearing was held in 2018 and review and permanency hearings were held periodically after the case plan was ordered. Father did not complete or make significant progress on his plan. Based on his lack of progress and the amount of time that had passed, the Department filed a motion for termination of the parent-child relationship on May 9, 2019. A trial was held on October 17, 2019, and Father's parental rights were terminated on the grounds of neglect, incarceration, and best interests of the child. Father timely appeals.

## II.

## STANDARD OF REVIEW

A parent has a fundamental liberty interest in maintaining a relationship with his or her child. *Troxel v. Granville*, 530 U.S. 57, 65 (2000); *Doe v. State*, 137 Idaho 758, 760, 53 P.3d 341, 343 (2002). This interest is protected by the Fourteenth Amendment to the United States Constitution. *State v. Doe*, 144 Idaho 839, 842, 172 P.3d 1114, 1117 (2007). Implicit in the Termination of Parent and Child Relationship Act is the philosophy that, wherever possible, family life should be strengthened and preserved. I.C. § 16-2001(2). Therefore, the requisites of due process must be met when terminating the parent-child relationship. *State v. Doe*, 143 Idaho 383, 386, 146 P.3d 649, 652 (2006). Due process requires that the grounds for terminating a parent-child relationship be proved by clear and convincing evidence. *Id.* Because a fundamental liberty interest is at stake, the United States Supreme Court has determined that a court may terminate a parent-child relationship only if that decision is supported by clear and convincing evidence. *Santosky v. Kramer*, 455 U.S. 745, 769 (1982); *see also* I.C. § 16-2009; *In re Doe*, 146 Idaho 759, 761-62, 203 P.3d 689, 691-92 (2009); *Doe*, 143 Idaho at 386, 146 P.3d at 652.

On appeal from a decision terminating parental rights, this Court examines whether the decision is supported by substantial and competent evidence, which means such evidence as a reasonable mind might accept as adequate to support a conclusion. *Doe v. Doe*, 148 Idaho 243, 245-46, 220 P.3d 1062, 1064-65 (2009). The appellate court will indulge all reasonable inferences in support of the trial court's judgment when reviewing an order that parental rights be terminated. *Id.* The Idaho Supreme Court has also said that the substantial evidence test requires a greater quantum of evidence in cases where the trial court's finding must be supported by clear and convincing evidence than in cases where a mere preponderance is required. *In re Doe*, 143 Idaho 343, 346, 144 P.3d 597, 600 (2006). Clear and convincing evidence is generally understood to be evidence indicating that the thing to be proved is highly probable or reasonably certain. *In re Doe*, 143 Idaho 188, 191, 141 P.3d 1057, 1060 (2006). Further, the magistrate's decision must be supported by objectively supportable grounds. *In re Doe*, 143 Idaho at 346, 144 P.3d at 600.

## III.

## ANALYSIS

Idaho Code § 16-2005 permits a party to petition the court for termination of the parent-child relationship when it is in the child's best interests and any one of the following five factors exist: (a) abandonment; (b) neglect or abuse; (c) lack of a biological relationship between the child and a presumptive parent; (d) the parent is unable to discharge parental responsibilities for a prolonged period that will be injurious to the health, morals, or well-being of the child; or (e) the parent is incarcerated and will remain incarcerated for a substantial period of time. Each statutory ground is an independent basis for termination. *Doe*, 144 Idaho at 842, 172 P.3d at 1117.

**A. Substantial and Competent Evidence Supports the Magistrate Court's Finding of Neglect**

Idaho Code § 16-2002(3)(a) defines "neglect" as any conduct included in I.C. § 16-1602(31). Section 16-1602(31)(a) provides, in pertinent part, that a child is neglected when the child is without proper parental care and control, or subsistence, medical or other care or control necessary for his or her well-being because of the conduct or omission of his or her parents, guardian, or other custodian or their neglect or refusal to provide them. Neglect also exists where the parent has failed to comply with the court's orders or the case plan in a child protective act case and the Department has had temporary or legal custody of the child for fifteen of the most recent twenty-two months and

3

reunification has not been accomplished by the last day of the fifteenth month in which the child has been in the temporary or legal custody of the Department. I.C. § 16-2002(3)(b).

Father argues there was not sufficient evidence to terminate his parental rights, specifically because he has made every effort to maintain a parent-child relationship with D.H. Father's good intentions are simply not enough to negate neglect. The magistrate court determined Father failed to provide proper parental care, control, subsistence, and medical care because of his drug use and significant periods of incarceration. Additionally, Father's failure to make progress on his case plan resulted in D.H. being in foster care for a substantial period of time, far exceeding fifteen of the preceding twenty-two months. In fact, D.H. has spent the majority of her young life in foster care. Further, Father's drug use has had a greater influence on D.H. than simply his incarceration; D.H. tested positive for heroin at birth and when she was removed upon Father's arrest. Father also testified the other child, B.D., tested positive after being exposed to drugs in the home he shared with mother. By his own admission, it could be over five years before he would be able to care for D.H. Moreover, Father admits he has not made any significant progress, has not provided financial support, did not provide the Department with documentation of case plan progress, and has not shown an ability to meet the child's needs. Father has not, is not, and will not be able to provide the requisite parental care, control, or subsistence for a child. The magistrate court's finding that the child was neglected is supported by substantial and competent evidence.[1]

**B.      Substantial and Competent Evidence Supports the Magistrate Court's Conclusion That Termination Is in the Child's Best Interest**

Once a statutory ground for termination has been established, the trial court must next determine whether it is in the best interests of the child to terminate the parent-child relationship. *In re Aragon*, 120 Idaho 606, 611, 818 P.2d 310, 315 (1991). When determining whether termination is in the child's best interests, the trial court may consider the parent's history with substance abuse, the stability and permanency of the home, the unemployment of the parent, the financial contribution of the parent to the child's care after the child is placed in protective custody, the improvement of the child while in foster care, the parent's efforts to improve his or her situation, and the parent's continuing problems with the law. *In re Doe*, 159 Idaho 192, 198, 358 P.3d 77, 83 (2015); *In re Doe*, 156 Idaho 103, 111, 320 P.3d 1262, 1270 (2014). A finding that it is in the best interests of the child

---

[1]      The record also supports termination under Idaho Code § 16-2005(1)(e): "The parent has been incarcerated and is likely to remain incarcerated for a substantial period of time during the child's minority." Father is currently imprisoned and may remain so until 2025 if not approved for parole.

to terminate parental rights must still be made upon objective grounds. *In re Doe*, 152 Idaho 953, 956-57, 277 P.3d 400, 403-04 (Ct. App. 2012).

The magistrate court determined it would be in the best interests of the child to terminate the parental relationship with Father. Specifically, it stated:

> All of the witnesses recognize the need of these children for permanency and stability. [Father is two years] away from the possibility of getting out of prison. A release from prison will certainly be followed by a period of time in transitional housing where children may not live. The child protection case will remain open and neither the Department of Health and Welfare nor this court is going to be willing to return these children to their parents'[2] care without a substantial period of time in which they demonstrate sobriety and stability. It follows that the ability of these parents to even begin having a normal parental relationship with their very young children is, at best, years away.
>
> The court concludes that such a wait for stability and permanency is not in the best interests of the children. They are doing very well in the foster home where both of them have lived a majority of their lives.

It is clear upon review that the magistrate court considered the best interests of the child and that those determinations are supported by substantial and competent evidence. Father argues he has done everything he can to maintain a relationship with D.H. and that incarceration alone does not support termination being in D.H.'s best interest. However, contrary to his assertion, Father did not do all he could to maintain a relationship with D.H. during his incarceration; D.H. is in need of permanency and stability. Such stability, as noted by the magistrate court, will be achieved by remaining with the family she has known for the majority of her life. Father's criminal and drug related history demonstrates his inability to provide a stable home life for D.H. For these reasons, we hold the magistrate court's conclusion that terminating Father's parental rights is in the child's best interests is supported by substantial and competent evidence.

### IV.

### CONCLUSION

Substantial and competent evidence supports the magistrate court's decision to terminate Father's parental rights on the basis of neglect, incarceration, and on the basis of the child's best interest. Accordingly, we affirm the order terminating Father's parental rights.

Judge LORELLO and Judge BRAILSFORD **CONCUR**.

---

[2] B.D.'s father did not contest the termination of his rights. The rights of D.H's mother are addressed in a separate appeal.